UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. BAIRD; BRET KURIHARA; OS NEW MEXICO, LLC; BNS RD, LLC; SEAN SIMPSON; CHARLA SIMPSON; MARY JO MCHENRY and K& L WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OSTEOSTRONG FRANCHISING, LLC; KYLE ZAGRODZKY and JOHN JAQUISH,<br><br>Defendants. | No.  2:20-cv-02010-TLN-DMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

This matter is before the Court pursuant to Plaintiffs John P. Baird, Bret Kurihara, OS New Mexico, LLC, BNS RD, LLC, Sean Simpson, Charla Simpson, Mary Jo McHenry, and K&L Wellness, LLC's (collectively, "Plaintiffs") Motion for a Temporary Restraining Order. (ECF No. 4.)  No opposition has been filed by Defendants OsteoStrong Franchising, LLC, Kyle Zagrodzky, and John Jaquish (collectively, "Defendants").  For the reasons set forth below, Plaintiffs' motion is DENIED.

/ / /

/ / /

/ / /

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant OsteoStrong Franchising, LLC ("OsteoStrong") is a company that sells franchises for bone density improvement centers that utilize osteogenic loading equipment.[1] (ECF No. 1 at ¶ 22.) The equipment is branded as "Spectrum equipment" pursuant to a non-exclusive license from Performance Health Systems. (*Id.* at ¶¶ 19, 20.) OsteoStrong claims Spectrum equipment increases bone density, prevents osteoporosis, and "diagnose[s], cure[s], mitigate[s], treat[s], or prevent[s] medical diseases." (*Id.* at ¶¶ 16, 89.)

Plaintiffs are small business owners and franchisees of OsteoStrong centers throughout the United States. (ECF No. 4 at ¶¶ 1, 2.) Plaintiffs allege that OsteoStrong "intentionally omit[s] certain information, mak[es] affirmative misrepresentations, and intentionally convey[s] false information prior to executing the [franchise agreement] in an effort to induce potential franchisees into signing the agreement." (*Id.* at ¶ 35.) Specifically, Plaintiffs were harmed by Defendants' intentional omission of information regarding known bankruptcies and lawsuits in Defendants' Franchise Disclosure Document ("FDD"),[2] their affirmative misrepresentation of the patent rights and proprietary nature of OsteoStrong's equipment, and their intentional misrepresentation of their organizational relationship with motivational speaker Tony Robbins. (*Id.* at ¶¶ 36, 42–47, 48–58, 59–65.)

Plaintiffs further allege that OsteoStrong also "create[s] an impossibility of performance under the [franchise agreement] and negligently expos[es] franchisees to criminal and civil liability." (*Id.* at ¶ 35.) Specifically, OsteoStrong "violates [f]ederal law by marketing its system as a medical treatment," and further fails to comply with the Federal Food, Drug, and Cosmetic

---

[1] "Osteogenic loading" exercises are defined in the Complaint as equipment "intended to measure forces on bone and muscle, and through the application of force, or loads, foster strengthening of both bone and muscle tissue." (ECF No. 1 at ¶ 17.)

[2] As Plaintiffs note, in accordance with the Federal Trade Commission's Franchise Rule, 16 C.F.R. Parts 436 and 437, a franchisor is required to serve a complete and accurate FDD on each potential franchisee at least 14 days before entering into a Franchise Agreement ("FA") with the potential franchisee. (*Id.* at ¶ 23.) Plaintiffs also note that they received and relied upon FDDs issued by OsteoStrong. (*Id.* at ¶¶ 37–41.)

1   Act ("FDCA") and the U.S. Food and Drug Administration ("FDA") regulations for medical
2   devices.  (*Id.* at ¶¶ 67, 68–88.)  Additionally, OsteoStrong "requires franchisees to use these same
3   marketing materials and practices" and "may unilaterally terminate the FA with the [f]ranchisee
4   for failure to do so."  (*Id.* at ¶¶ 67, 110.)  Plaintiffs also allege that the FAs require them to
5   comply with "all applicable laws, regulations, codes, and ordinances including, without
6   limitation, all governmental regulations relating to sales and marketing, which includes the FDA."
7   (*Id.* at ¶ 113.)  However, Plaintiffs believe that performance under the FA is impossible because
8   OsteoStrong mandates the usage of marketing materials and practices that "[do] not comply with
9   all applicable laws, regulations, codes and ordinances."  (*Id.* at ¶ 114.)  Plaintiffs assert that had
10  they been aware the marketing materials and practices provided to them were not in compliance
11  with local and federal laws, they would not have signed the FAs.  (*Id.* at ¶ 120.)

12          On October 7, 2020, Plaintiff filed a Complaint in this Court, alleging claims for: (1)
13  common law fraud; (2) common law fraudulent inducement; (3) common law negligent
14  misrepresentation by Defendant OsteoStrong; (4) common law negligent misrepresentation by
15  Defendants Zagrodzky and Jaquish, individually; (5) unjust enrichment; (6) violations of the
16  California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200–17210); (7)
17  violations of the California Corporations Code; (8) violations of 15 U.S.C. § 52; (9) violations of
18  35 U.S.C. § 292; (10) declaratory judgment that the franchise agreements are void as contracts for
19  an illegal purpose or otherwise contrary to public policy; and (11) preliminary and permanent
20  injunctive relief.  (*See* ECF No. 1 at 36–50.)

21          On November 4, 2020, Plaintiffs filed the instant Motion for a Temporary Restraining
22  Order to enjoin Defendants from doing the following:

23  - Representing that their Spectrum equipment or the OsteoStrong system is able to diagnose, treat, or cure any medical condition or using claims like "reversing Osteoporosis" or "reversing type 2 Diabetes;"
24  
25  - Representing that OsteoStrong owns any patented technology;
    - Representing that the equipment is safe;
26  - Representing that Tony Robbins is a Partner in OsteoStrong;
27  - Ceasing to provide access to services and support as required under the Franchise Agreement and as established by regular practice for the operation of
28    the franchises.

1   (ECF No. 4.)  Defendants have not filed an opposition.

2   **II.    STANDARD OF LAW**

3   A temporary restraining order is an extraordinary remedy.  The purpose of a temporary
restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  In
general, "[t]emporary restraining orders are governed by the same standard applicable to
preliminary injunctions."  *Aiello v. One West Bank*, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29,
2010) (internal citations omitted); *see also* Eastern District of California Local Rule ("Local
Rule") 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555
U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The
purpose of a preliminary injunction is merely to preserve the relative positions of the parties until
a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also
Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The
purpose of such an order is to preserve the status quo until a final determination following a
trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo
ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last
uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed
on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,
[3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."
*Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test
to obtain a preliminary injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135
(9th Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may
weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id*.  A
stronger showing on the balance of the hardships may support issuing a preliminary injunction
even where the plaintiff shows that there are "serious questions on the merits . . . so long as the
plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the

4

1 public interest." *Id*. Simply put, plaintiffs must demonstrate, "that [if] serious questions going to
2 the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in [p]laintiffs' favor
3 in order to succeed in a request for preliminary injunction. *Id*. at 1134–35.

### III.   ANALYSIS

The party moving for a temporary restraining order must clearly show, in an affidavit or verified complaint, "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Local Rules impose additional requirements for a temporary restraining order. Under Local Rule 231, "courts will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Local Rule 231(b). The rule continues, "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." *Id.*

It remains unclear from Plaintiffs' Complaint how much time has passed between Plaintiffs' discovery of Defendants' unlawful practices and Plaintiffs' filing of this lawsuit. (*See* ECF No. 1 at 12 (noting the years when Plaintiffs "received and relied upon an FDD" as 2013, 2014, 2015, and 2017); ECF No. 4 at 10 (stating that "[a]s early as 2013, OsteoStrong marketed direct mailing to prospective franchisees, including Plaintiffs)). Almost one month has now passed since Plaintiffs' filing of this lawsuit. Additionally, Linda Burbank of Plaintiff K&L Wellness, LLC filed a declaration (ECF No. 4-7) with Plaintiffs' motion that surprisingly contains no information about the necessity of immediate relief. The Court therefore concludes that the length of time between the first instance of alleged harm and Plaintiffs' motion contradicts Plaintiffs' allegation of immediate, irreparable injury.

If the Court finds that Plaintiffs have not met their burden as to one *Winter* prong, then the Court need not address the remaining prongs as Plaintiffs have not met their burden for injunctive relief. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs"). The Court finds Plaintiffs have failed to make

1  a showing of immediate, irreparable injury because Plaintiffs have not pleaded in their Complaint
2  or demonstrated in their motion any specific dates or times to signify that relief is urgently
3  needed.  Thus, the Court declines to address the remaining *Winter* factors.
4       Moreover, it is the practice of this district to construe a motion for temporary restraining
5  order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West*
6  *Bank*, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are
7  governed by the same standard applicable to preliminary injunctions.") (internal quotation and
8  citations omitted).  Denial of the instant temporary restraining order motion has no bearing on the
9  Court's ultimate analysis of Plaintiffs' claims, once it has heard from Defendants.  Plaintiffs have
10 not cited any persuasive reason why this Court should rule on a motion for a temporary
11 restraining order before Defendants have had an opportunity to respond.  Thus, the Court will
12 treat Plaintiffs' motion for a temporary restraining order as a motion for preliminary injunction.
13     **IV.   CONCLUSION**
14      For the aforementioned reasons, the Court DENIES Plaintiffs' Motion for a Temporary
15 Restraining Order and instead construes it as a motion for a preliminary injunction.  (ECF No. 4.)
16 Plaintiffs shall serve Defendants with a copy of this Order within three days of the date of this
17 Order and submit proof of service to the Court.  Fed. R. Civ. P. 65(a)(1) ("The court may issue a
18 preliminary injunction only on notice to the adverse party.").  The Court hereby schedules the
19 motion hearing for 2:00 p.m. on December 17, 2020.  For the parties' convenience, the Court
20 notes that under Local Rule 230, any opposition or statement of non-opposition from Defendants
21 must be filed and served no later than 14 days before the noticed hearing date, and any reply by
22 Plaintiffs must be filed and served no later than seven days before that date.  Local Rule 230(c)–
23 (d).
24      IT IS SO ORDERED.
25 DATED: November 5, 2020

                                                            Troy L. Nunley
                                                            United States District Judge