UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. BAIRD; BRET KURIHARA; OS NEW MEXICO, LLC; BNS RD, LLC; SEAN SIMPSON; CHARLA SIMPSON; MARY JO MCHENRY; and K& L WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OSTEOSTRONG FRANCHISING, LLC; KYLE ZAGRODZKY; and JOHN JAQUISH,<br><br>Defendants. | No. 2:20-cv-02010-TLN-DMC<br><br>**ORDER** |

In its March 9, 2022 Order, the Court granted Defendants OsteoStrong Franchising, LLC ("OsteoStrong") and Kyle Zagrodzky's (collectively, "Defendants") Motion to Transfer Venue and transferred this action as it pertains to Plaintiffs[1] John P. Baird, Bret Kurihara, Mary Jo McHenry, Sean Simpson, Charla Simpson, OS New Mexico, LLC, and BNS RD, LLC to the U.S. District Court for the Southern District of Texas. (ECF No. 24.) The Court also ordered Plaintiff K&L Wellness, LLC ("K&L") to show cause within fourteen days of the electronic filing date of the Order why the action should not be transferred to the Southern District of Texas. (*Id.*) K&L

---

[1] The Court will refer to all the Plaintiffs in this case collectively as "Plaintiffs."

1

filed a response to the order to show cause (ECF No. 25), which is now before the Court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount the factual and procedural background of this case, as it is set forth fully in the Court's March 9, 2022 Order.  (ECF No. 24.)  On March 24, 2022, K&L filed a response to the order to show cause.  (ECF No. 25.)

## II.  STANDARD OF LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The purpose of 28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).  In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

## III.  ANALYSIS

K&L argues the § 1404(a) factors and the interests of justice require that K&L's case stay in the Eastern District of California.  (ECF No. 25.)  The Court will evaluate each of the factors K&L addresses in turn.

### A.  Plaintiff's Choice of Forum

K&L argues that California Business & Professions Code § 20040.5 ("§ 20040.5") prohibits "enforcement of a forum selection clause that would require a franchisee to litigate matters related to the operation of a California franchise out of state."  (*Id.* at 2–4.)  The Court agrees, as it already held in its prior Order that the forum selection clause in K&L's franchise agreement is void.  (ECF No. 24 at 7.)  Plaintiff does not make any additional arguments about its choice of forum, other than to reiterate that the matter should remain in the Eastern District of California.  (*See* ECF No. 25.)

A plaintiff's choice of forum is generally granted great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must given to the extent of both [the plaintiff's] and the [defendants'] contacts with the forum, including those related to [the plaintiff's] cause of action." *Id.*

Here, OsteoStrong's principal place of business is in Houston, Texas. (ECF No. 16-1 at 8.) However, the Court notes that K&L "has its principal place of business in California" (ECF No. 25 at 4) and operates in Redding, California (ECF No. 18 at 6). Therefore, the events at issue for K&L likely occurred within the Eastern District of California. Accordingly, this factor weighs against transfer.

### B. Convenience of the Parties

K&L argues this factor is neutral, as it would have to travel to Texas for this matter, while Defendants regularly do business in California. (ECF No. 25 at 4–5.) The Court agrees this factors is neutral.

### C. Convenience of the Witnesses and Ease of Access to Evidence

K&L argues this factor weighs against transfer because "transferring the case to Texas will not necessarily provide more convenience for the witnesses or easier access to the evidence" since Plaintiffs intend to seek discovery from multiple sources outside of California and Texas. (ECF No. 25 at 5–6.) These sources include: Tony Robbins (whose website shows he is located in California); witnesses from the live events in New York, London, and Palm Beach; the U.S. Food and Drug Administration, which is located in Washington, DC and Silver Spring, Maryland; alleged users of the products who provided testimonials who presumably live in Tennessee (because the testimonials in question were printed in Tennessee); OsteoStrong's customers across ten different states; and the U.S. Patent and Trademark Office, which is located in Alexandria, Virginia. (*Id.*) In light of the variety of possible sources of discovery and that many of them are outside of California and Texas, the Court finds this factor is neutral.

### D. Familiarity of Each Forum with the Applicable Law

K&L argues Plaintiffs assert claims under California Business & Professions Code § 17200 and California Corporations Code § 31200 and the Southern District of Texas is less

3

familiar with California laws than a California court. (*Id.* at 7.) The Court agrees this factor weighs against transfer.

### E. Feasibility of Consolidation with Other Claims

K&L argues that the other case filed by OS New Mexico, Sean Simpson, and Charla Simpson "involves different claims and facts than the instant case," as they assert a defamation claim and breach of contract claim in which they "allege that OsteoStrong failed to train them, intruded into their assigned territory by opening up franchises, and sold products directly to consumers in their territory." (*Id.*) K&L further argues that Plaintiffs do not make these allegations in the instant matter and Federal Rule of Civil Procedure ("Rule") 42 requires the presence of a "common question of law or fact" which is absent here. (*Id.*) Defendants note that the lawsuit filed by OS New Mexico, Sean Simpson, and Charla Simpson in the Southern District of Texas, Case No. 4:19-cv-2334, on June 28, 2019, is "substantially similar" as it "essentially alleg[es] the same claims at issue here." (ECF No. 16-1 at 10, 13.)

Rule 42 governs consolidation and separate trials and provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). At present, only one action —the instant matter— is before the Court. The Court is not attempting to consolidate or manage multiple actions before it, and therefore finds that Rule 42 is inapplicable here.

The Court notes that even if the claims in the lawsuit filed by OS New Mexico, Sean Simpson, and Charla Simpson are somewhat different from the claims filed by Plaintiffs in the instant matter, the Court still finds that it makes sense from a judicial efficiency standpoint for the same district or even the same court to oversee similar lawsuits. Further, this Court has transferred the claims of the other seven non-California Plaintiffs in this case to the Southern District of Texas. The seven non-California Plaintiffs' claims are identical to the claims of K&L as they were initially filed together in this Court. Accordingly, the Court finds this factor weighs significantly in favor of transfer.

///

4

F. <u>Local Interest in the Controversy</u>

K&L argues "California has a strong interest in protecting franchisees from unscrupulous out-of-state franchisors" and § 20040.5 "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue." (ECF No. 25 at 8 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)).) K&L notes that since it "is a California franchise, it is only fair to deny transfer and have the matter tried in California." (*Id.*)

The Court notes that it applied § 20040.5 to void the forum selection clause in K&L's franchise agreement, but generally agrees with K&L that this factor weighs against transfer.

G. <u>Relative Court Congestion and Time of Trial in Each Forum</u>

K&L concedes that "this is the only factor weighing in favor of transferring venue," as the Southern District of Texas has fewer cases pending before it than the Eastern District of California. (ECF No. 25 at 8–9.) Indeed, as the Court noted in its prior Order, according to statistical tables available on the U.S. Courts website, as of September 30, 2021, the Eastern District of California had 1,322 pending actions per judgeship, while the Southern District of Texas had 784 pending actions per judgeship. *Table N/A–U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2021), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/09/30-1 (last accessed March 3, 2022). Additionally, Chief Judge Kimberly J. Mueller testified before the House Judiciary Committee on February 4, 2021, on the need for new federal court judgeships in the Eastern District of California, noting that this district has qualified for judicial emergency status for at least 20 years. *Hearing on The Need for New Lower Court Judgeships, 30 Years in the Making,* 117th Cong. 2–3 (2021) (statement of Kimberly J. Mueller, Chief Judge, U.S. District Court, Eastern District of California), available at http://www.caed.uscourts.gov/caednew/assets/File/Chief%20Judge%20Kimberly%20J_%20Mueller's%20Written%20Statement_2_21.pdf (last accessed March 3, 2022). The Eastern District of California is significantly more congested than the Southern District of Texas. Accordingly, the Court finds this factor weighs in favor of transfer.

5

In sum, the Court finds that the Plaintiff's choice of forum, familiarity of each forum with the applicable law, and local interest in the controversy factors weigh against transfer and the feasibility of consolidation with other claims and relative court congestion and time of trial factors weigh in favor of transfer. The Court notes that this is a very close call, but ultimately finds the factors in favor of transfer slightly outweigh the factors against transfer. Accordingly, the Court *sua sponte* transfers the instant action in full to the Southern District of Texas. *See Wade v. Kerner*, No. 2:20-cv-1791-KJM-KJN PS, 2020 WL 6158234, at *3 (E.D. Cal. Oct. 21, 2020) (citing *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012); *Singh v. Cissna*, No. 1:18-cv-0782-SKO, 2018 WL 4182602 (E.D. Cal. Aug. 30, 2018)); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (noting that there is a "long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue").

### IV.     CONCLUSION

Based on the foregoing, the Court hereby transfers the instant action as it pertains to the one remaining Plaintiff, K&L, to the U.S. District Court for the Southern District of Texas. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: April 6, 2022

Troy L. Nunley
United States District Judge